His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
The Amalgamated Association of Street Railway Employees, by its by-laws (Sec. 95), provides a funeral and death benefit for its members payable as follows (after deducting cost of burial) to-wit: 1st. To the widow 2nd. To the children and grand-children, share and share alike; 3rd. To the mother, father, grand-mother and grand-father, in the order named; 4th To “collateral heirs, brothers and sisters.”
*372 In default of “lineal and collateral heirs, as herein provided” the benefit “shall remain as of the Death, Disability and Old Age Benefit Fund of the Association. ’ ’
But the foregoing is not to ‘ ‘ interfere with any will or testament of the deceased, provided that said will or testament of the deceased member embraces as beneficiaries those specified in this section.”
From the foregoing it is clear that the benefit above provided is intended solely for those mentioned, in default of' whom it inures to the death, etc., fund. On the other hand, the deceased may by will change the order •of payment, but may not enlarge the circle of those to whom payment is to be made.'
Prior to the year 1914, the collateral heirs provided for were mentioned as “sisters, brothers, etc.” But in that year the words “etc.” were expunged and the bylaws made to read “collateral heirs, brothers and sisters,” thus excluding all those who might have been included in the terms ‘ ‘ etc. ’ ’
II.
The deceased by his will, distributed his death benefit between a nephew, a niece and a stranger; the executors calls upon the Association to pay the benefit to him, and the Association refuses payment.
The trial Judge thought the association justified in its refusal and so do we.
By the plain terms of the by-laws, nieces and nephews, and strangers have no possible claim upon the fund under any circumstances. So that the executor has no right to the fund for the purpose of distributing it to them. The by-laws designate certain beneficiaries, and the Court cannot extend their number.
Succession of McNamara, 5 Court of Appeal, 13.
*373 Opinion and decree, April 24, 1916.
Still less can the executor claim the fund for any other .purpose since it forms no part of the succession of the •deceased.
Judgment affirmed.